## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br><br>                Plaintiff,<br><br>                v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>                Defendants. | Civil Action No. 25-2208 (BAH)<br><br>Judge Beryl A. Howell |

## **STANDING ORDER FOR CIVIL CASES**

### **THIS ORDER CONTROLS THIS CASE SO READ CAREFULLY.**

To help "secure the just, speedy, and inexpensive determination of" this action, FED. R. CIV. P. 1, the parties are hereby **ORDERED** to comply with the following directions:

1. **REMOVED ACTIONS**
   a. A defendant removing an action to this Court must refile any answer filed before removal and promptly ensure that all parties receive a copy of this Standing Order.
   b. Any motion pending in the court from which the case is removed at the time of removal must be refiled in this Court by the party seeking relief. *See* FED. R. CIV. P. 81(c)(2). Motions that are not refiled will be deemed withdrawn and not considered.

2. **TRANSFERRED ACTIONS**
   a. Any motion pending and unresolved in the court from which the case is transferred at the time of transfer must be refiled in this Court by the party seeking relief ***within seven days*** after the transfer order is filed in this Court's docket. Motions that are not refiled will be deemed withdrawn and not considered.
   b. A defendant who did not answer the complaint before transfer must answer or make any motion otherwise authorized under Federal Rule of Civil Procedure 12, ***within twenty-one days*** after the transfer order is filed in this Court's docket.

3. **COMMUNICATIONS WITH CHAMBERS**
   Except as authorized in this Order, the parties may not contact Chambers by telephone. If extraordinary circumstances or emergencies so require, however, counsel may contact Chambers jointly via telephone conference. Chambers will not provide legal advice of any kind.

4. **DUTY TO CONFER, INCLUDING FOR CASES EXEMPTED BY LOCAL CIVIL RULE 16.3(b)**[1]
   a. <u>Timing</u>.  Generally, the parties must meet and confer after any defendant first files an answer.  *See* FED. R. CIV. P. 26(f).  The parties must file the Joint Meet and Confer Report required by Local Civil Rule 16.3(d) ***within thirty days*** after ***any*** defendant files an answer or, if dispositive motions are filed pursuant to Federal Rule of Civil Procedure 12(b), ***within fourteen days*** after resolution of dispositive motions, unless the Court orders otherwise.  Later-served or joined parties are required to comply with the Scheduling Order entered based on the original Joint Meet and Confer Report, unless, upon motion, they seek modification of the Order.
   b. <u>Exempted Cases</u>.  Notwithstanding that the requirement to confer and submit a Joint Meet and Confer Report does not apply to certain exempted cases, *see* FED. R. CIV. P. 26(a)(1)(B) and LCvR 16.3(b), in the following categories of exempted cases, an abbreviated Joint Meet and Confer Report is required:
      i. *Administrative Procedure Act Cases*: In any action for review on an administrative record, counsel for the parties shall jointly prepare and submit a report to the Court, ***within fourteen days*** after ***any*** defendant files an answer, proposing a schedule for the filing of the certified list of the contents of the administrative record and any motions.
      ii. *FOIA Cases*: In any action arising under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, counsel for the parties shall jointly prepare and submit a report to the Court, ***within fourteen days*** after ***any*** defendant files an answer, indicating whether the agency has made a final determination "whether to comply" with any FOIA request at issue, § 552(a)(6)(A)(i).
         a. If such a final determination has been made, the parties shall propose a schedule for the filing of dispositive motions.
         b. If no final determination has been made, the joint report shall contain (1) an estimate provided by the defendant of when the agency expects a final determination to be made; (2) a proposed schedule for production of responsive records; and (3) a proposed schedule for the filing of dispositive motions.
   c. <u>Report Contents</u>.  The Joint Meet and Confer Report in cases subject to Local Civil Rule 16.3(d) must address ***all*** matters listed in Federal Rule of Civil Procedure 26(f)(2) & (3) and Local Civil Rule 16.3(c), and must also include:
      i. a brief statement describing the nature of the case and the statutory basis of the Court's jurisdiction for all causes of action and defenses;
      ii. a proposed scheduling order in accordance with Local Civil Rule 16.3(d); and
      iii. any request for a conference with the Court before entry of the Scheduling Order.

5. **INITIAL STATUS CONFERENCE AND ISSUANCE OF SCHEDULING ORDER**
   After submission of the Joint Meet and Confer Report, the Court will, if necessary, schedule an initial status conference to address matters that are not addressed or agreed to by the parties in the Joint Meet and Confer Report.  As soon as practicable after submission of the Joint Meet and Confer Report or following the Initial Status Conference, the Court will issue

---

[1]   The Local Civil Rules are available at http://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

a Scheduling Order governing proceedings in the case. *See* FED. R. CIV. P. 16(b); LCvR 16.4.

6. **FILING GUIDELINES**
   a. <u>Courtesy Copies</u>. Counsel shall provide Chambers, not the Clerk's Office, with a printed courtesy copy, with ECF headers, of any electronic submission that, along with exhibits, numbers fifty (50) pages or more in total length. Such courtesy copies shall be in binders, three-hole punched, with double-sided pages. Exhibits shall be tabbed for ease of reference. *Pro se*, *in forma pauperis*, and incarcerated plaintiffs are excused from providing courtesy copies.
   b. <u>Exhibit Index</u>. Each submission that attaches more than one exhibit shall contain an index of exhibits. Exhibits shall be edited properly to exclude irrelevant material and to direct the Court's attention to the pertinent portions.
   c. <u>Attachments</u>. Each attachment to a filing (e.g., supporting memorandum, statement of material facts, each exhibit, each affidavit, and proposed order) must be filed as a separate PDF and appropriately labeled in ECF. If the document has its own pagination, it should be a separate attachment.

7. **MOTIONS – GENERALLY**
   a. <u>Format</u>. Motions and submissions should be double-spaced, in 12-point, Times New Roman font, with page numbers and margins of no less than 1 inch. All citations must include exact page references (pincites). Absent leave of the Court, memoranda of points and authorities in support of, and in opposition to, motions may not exceed 45 pages, and reply memoranda may not exceed 25 pages. *See* LCvR 7(e). All electronically filed documents are to be in text-searchable Portable Data Format ("PDF"). Likewise, exhibits that must be scanned because they exist only in paper format should, if possible, be submitted as text-searchable files using Optical Character Recognition ("OCR") technology, available in Adobe Acrobat.
   b. <u>Sur-Replies</u>: A party may not file a sur-reply without first obtaining leave of the Court and may do so only upon a specific showing of good cause. Any motion for leave to file a sur-reply shall be accompanied by a copy of the sur-reply that the party wishes to file.
   c. <u>Oral Argument</u>. A party may include a request for oral argument in its motion, opposition, or reply papers and, if this request is granted, counsel will be advised of the argument date. *See* LCvR 7(f).
   d. <u>Duty to Confer Regarding Non-Dispositive Motions</u>. Local Civil Rule 7(m), which requires counsel to confer before filing a non-dispositive motion and to include in the motion confirmation that such conferral occurred and a statement whether the motion is opposed, will be strictly enforced. *See* LCvR 7(m). Failure to comply with Local Civil Rule 7(m) when filing a non-dispositive motion may result in the motion being stricken.
   e. <u>Motions to Amend Pleadings</u>. Any amended pleading shall be accompanied by a redline comparison between the original and the amended or proposed amended pleading.
   f. <u>Motions for Summary Judgment</u>. This Court strictly enforces Local Civil Rule 7(h) when resolving motions for summary judgment and will "assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h); *see also* FED. R. CIV. P. 56(e).
   g. <u>Motions to Seal</u>. A party must submit a redacted version, suitable for filing on the public docket, of any document that it proposes to seal at the same time the party files a motion to seal. If a party believes that all portions of a sealed document must remain

sealed, the party must specifically notify the Court of that belief at the time of filing the motion to seal.

    h. <u>Motions to Seal Relying on Protective Orders</u>: Parties may not rely solely on designation under a protective order to file documents under seal. Even when a protective order has been issued in a case, the Court cannot abdicate its responsibility to determine whether filings should be made available to the public, applying the test articulated in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). Before moving to file under seal materials subject to a protective order, the moving party must confer with the opposing party and provide the results of that conferral process in the motion to seal, as well as analysis of the relevant *Hubbard* factors warranting sealing, to ensure that any requested sealing is appropriate under *Hubbard*.

    i. <u>*Pro Se* Parties</u>. In a case involving a *pro se* party, electronic filing procedures will be followed by parties represented by counsel only. Absent separate order of the Court, the party appearing *pro se* shall continue to file documents in paper form with the Clerk's Office. Parties represented by counsel must serve documents upon *pro se* parties in paper form.

    j. <u>Requests Other Than Ultimate Relief Referenced in Complaint</u>. Requests other than for ultimate relief that are referenced in the Complaint, such as requests for an extension of time to seek class certification or for a temporary restraining order, shall be made in a motion separate from the Complaint. *See, e.g.*, LCvR 75.1(a). Such motions shall be accompanied by a statement of the specific points of law and authority that support the motion, including, where appropriate, a concise statement of facts. LCvR 7(a).

8. **MOTIONS FOR EXTENSION OF TIME OR RESCHEDULING HEARING**
    a. <u>Motion Required</u>. Extensions or enlargements of time will be granted only upon motion, ***and not upon stipulation by the parties***. Motions for extensions of time or for continuances of court proceedings are strongly discouraged. Counsel and parties should work within the time frames set by the Scheduling Order.
    b. <u>Timing and Content</u>. When good cause is shown, the Court will consider a motion for time extension or continuance of a proceeding that is filed ***at least 4 days prior*** to the deadline and states:
        i. the original date of the deadline the motion is seeking to extend or the date of the scheduled hearing the motion is seeking to continue;
        ii. the number of previous extensions of time or continuances granted to each party;
        iii. the good cause supporting the motion;
        iv. the effect, if any, that the granting of the motion will have on existing deadlines;
        v. for motions, suggested deadlines (reached in consultation with the opposing party) for the filing of any opposition and reply papers; for continuances, three alternative dates and times that are convenient to all parties; and
        vi. the opposing party's position on the motion, including any reasons given for refusing to consent, *see* LCvR 7(m).
    c. <u>Opposition</u>. A party opposing a motion for an extension of time or continuance of a scheduled hearing date must file, **by 5:00 PM of the business day after the motion is filed, the party's reasons for opposing the motion**. If no such explanation is provided to the Court within this time frame, the motion shall be deemed conceded. Informing the opposing party that the motion for an extension or continuance is opposed **does not constitute an explanation to the Court**.
    d. <u>Untimely motions</u>. Untimely motions for an extension must contain an explanation for the failure to comply with the four-day rule.

9. **DISCOVERY DISPUTES**
   a. <u>Telephone Conference</u>.  The Court expects the parties to follow the requirements of Federal Rule of Civil Procedure 26 and Local Civil Rule 26.2.  Before bringing a discovery dispute to the Court's attention, the parties must confer in good faith in an attempt to resolve the dispute informally.  If unable to resolve the dispute informally, the parties shall jointly prepare an email to send to the Court, at Howell_Chambers@dcd.uscourts.gov, requesting a teleconference with the Court and including a clear, concise description of the issues in dispute, an explanation of the parties' positions with citations, and responses to opposing arguments.
   b. <u>Leave of Court Required</u>.  Before filing a motion relating to a discovery dispute, a party must obtain leave of the Court.  Failure to comply with this requirement may result in any such motion being stricken.

10. **SETTLEMENT**
    The Court expects the parties to evaluate the case for purposes of settlement.  Toward that end, the parties may, by motion, request referral for mediation to a Magistrate Judge or the Court's mediation program.  The parties may also seek relief, by motion, from a Scheduling Order for arbitration, early neutral evaluation, or any other form of alternative dispute resolution that may be tailored to the needs of the case.  If the case settles, in whole or in part, plaintiff's counsel must promptly file a notice with the Court.

11. **JOINT PRETRIAL STATEMENT**
    a. <u>Timing</u>.  The parties must file with the Court a Joint Pretrial Statement ***at least 14 days before the final pretrial conference unless the Court sets another filing date***.  *See* LCvR 16.5(a).
    b. <u>Contents</u>.  In accordance with Local Civil Rule 16.5(b), (d), and (e), the Joint Pretrial Statement must include:
        i. <u>a one-paragraph joint statement of the case</u> that is appropriate to be read to the jury and describes the nature of the case and the identities of the parties;
        ii. <u>the estimated length</u> of the evidentiary portion of the trial;
        iii. <u>a statement of claims</u> setting forth each claim a party has against any other party and the statutory basis of the Court's jurisdiction for all causes of action;
        iv. <u>a statement of defenses</u> setting forth each defense raised by a party to a claim asserted against it;
        v. <u>a list of witnesses</u> (including expert and potential rebuttal witnesses) anticipated to be called by each party, accompanied by a brief description of each witness's expected testimony and the anticipated time for such testimony on direct, followed by specific objections (if any) to each witness;
        vi. <u>a list of exhibits</u> that each party intends to offer during trial and separately identifying exhibits that may be offered if the need arises, followed by specific objections (if any) to each exhibit, which exhibit list shall be in a format with six columns, with separate headings for: (1) exhibit number, (2) description of exhibit, (3) marked for identification, (4) admitted in evidence, (5) objection, and (6) witness/date;
        vii. <u>a designation of depositions</u>, or portions thereof, to be offered into evidence by each party.  To facilitate the Court's review and ensure clarity of the record regarding the Court's ruling on each objection posed by any party to the opposing party's transcript designation or cross-designation, any objections to a

       designation shall be set out in a chart for each deposition, which chart shall be in a format with eight columns that identifies, for each transcript designation to which objections are lodged, IN TRANSCRIPT PAGE NUMBER ORDER: (1) the sequential number to be associated with the objection; (2) identification of the page and line of the transcript designations offered; (3) the party offering the transcript designation; (4) the party objecting to the transcript designation; (5) the Federal Rule of Evidence relied upon for the objection and a brief explanation by the objecting party; (6) a brief rebuttal by the proponent of the transcript designation; (7) a column, which the parties shall leave blank, with the heading "Sustained"; and (8) a second column, which the parties shall leave blank, with the heading "Overruled";

    viii. <u>an itemization of damages</u> setting forth each element of damages and the monetary amount thereof (including prejudgment interest, punitive damages, and attorney's fees) sought;

    ix. <u>a description of other relief</u> sought by each party;

    x. <u>stipulations</u> concerning authenticity of documents, admissibility of exhibits or testimony, or undisputed facts;

    xi. <u>a description of each specific item of demonstrative evidence, physical evidence, or videotape evidence</u> that will be offered at trial and any objections; and

    xii. <u>a list of any motions *in limine*</u> that are pending to address issues the parties reasonably anticipate will arise at trial. ***See infra* ¶ 12 regarding the timing for briefing on motions *in limine*.**

  c. <u>Jury Cases</u>. In jury cases, the parties must submit as part of the Joint Pretrial Statement:

    i. <u>proposed *voir dire* questions</u> that indicate:
        I. the *voir dire* questions on which the parties agree; and
        II. the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

    ii. <u>the text of each proposed jury instruction</u> that indicates:
        I. the instructions on which the parties agree;
        II. the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and
        III. the proposed instruction's source (*e.g.*, Standardized Civil Jury Instructions for the District of Columbia) or, for modified or new instructions, the supporting legal authority.

    iii. <u>a proposed verdict form</u>, as well as proposed special interrogatories (if any), that includes date and signature lines for the jury foreperson.

  d. <u>Non-Jury Cases</u>. In non-jury cases, the plaintiff, or plaintiffs jointly, shall file proposed findings of fact and conclusions of law within three days of the close of evidence, and the defendant, or defendants jointly, shall file proposed findings of fact, which include specification of any facts proposed by the plaintiff that are admitted or controverted, and conclusions of law within five days of the close of evidence, unless otherwise ordered by the Court upon request of the parties.

12. **PRETRIAL CONFERENCE**
  a. <u>Attendance</u>. In addition to parties' counsel, all parties or party representatives must be present at the Pretrial Conference.

13. **MOTIONS IN LIMINE.**
    a. <u>Timing</u>.  Motions *in limine* shall be ***fully briefed at the time of filing of the parties' Joint Pretrial Statement***.  Accordingly, the moving party's motion *in limine* and supporting memorandum shall be filed and served upon the opposing party ***at least 21 days*** before the Joint Pretrial Statement is due.  The opposition shall be filed and served upon the moving party ***within 14 days*** of service of the motion *in limine*.  Any reply shall be due ***within 7 days*** of service of the opposition.  Oral argument on motions *in limine*, if necessary, shall occur at the Pretrial Conference.

14. **JURORS**
    a. <u>Confidentiality</u>.  The names and personal information of prospective and sitting jurors in any trial of this matter shall be kept confidential and not disclosed outside of open court, except upon order of the Court.  *See* D.D.C. JURY SELECTION PLAN ¶ 18.1, available at https://www.dcd.uscourts.gov/jury-selections.  Counsel and parties are cautioned that violation of this directive may result in contempt proceedings.

**SO ORDERED**.

DATE: July 11, 2025

                                                          **BERYL A. HOWELL**
                                                          United States District Judge